UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-413 CAS |
| | ) | |
| EAGER ROAD ASSOCIATES, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file following transfer to the undersigned. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "A plaintiff who seeks to invoke diversity jurisdiction of the federal courts must plead citizenship distinctly and affirmatively." 15 James Wm. Moore, et al., Moore's Federal Practice § 102.31 (3d ed. 2010).

The Complaint in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000. The Complaint alleges that plaintiff Compass Bank is an Alabama state-chartered banking association with its principal place of business in Alabama. It further alleges that defendant Eager Road Associates, LLC is a Missouri limited liability company with its principal place of business in Missouri, and that the individual defendants are residents of

Missouri. These allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.

Plaintiff apparently assumes that a limited liability company is treated like a corporation and thus is a citizen of its state of organization and its principal place of business. See 28 U.S.C. §§ 1332(a), (c)(1); Sanders, 823 F.2d at 215 n.1. That is incorrect. The Eighth Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Thus, for defendant Eager Road Associates, LLC, the Court must examine the citizenship of each member of the limited liability company to determine whether diversity jurisdiction exists. The Complaint contains no allegations concerning the members of Eager Road Associates, LLC or their citizenship.

The Complaint alleges that the individual defendants, Alan R. Skop, Adolphus A. Busch, IV, and Don C. Musick, III, reside in Missouri but does not allege facts concerning their citizenship. "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship." 15 Moore's Federal Practice § 102.31; see Sanders, 823 F.2d at 215 n.1.

The Court will grant plaintiff twenty-one (21) days to file an amended complaint which alleges facts showing the existence of the requisite diversity of citizenship of the parties. If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that, by **September 15, 2010**, plaintiff shall file an amended complaint which shall allege facts establishing the citizenship of each defendant.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of August, 2010.