UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COMPASS BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV0413 JCH |
| ) | |
| EAGER ROAD ASSOCIATES, LLC, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| CITY OF BRENTWOOD, MISSOURI, et al., ) | |
| ) | |
| Third Party Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Renewed Motion to Dismiss or, in the Alternative, to Stay ("Motion"; ECF No. 133). Eager Road Associates, LLC ("ERA"), Alan R. Skop, Adolphus A. Busch, IV, Don C. Musick, III (collectively, "Defendants") seek to dismiss the instant action based upon Colorado River Water Conservation District v. U.S., 424 U.S. 800 (1976). This Motion is fully briefed and ready for disposition.

**STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no

set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION[1]

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River, 424 U.S. at 813. "'Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'" Id. (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-189 (1959)). The Colorado River abstention doctrine grants a federal court discretion to avoid duplicative litigation in federal court of a matter more properly decided in parallel litigation in state court. See Colorado River, 424 U.S. at 817 ("the general principle is to avoid duplicative litigation"); Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995). "Thus, a federal court may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and exceptional circumstances warrant abstention." Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 534 (8th Cir. 2009) (citing Colorado River, 424 U.S. at 817-18).

Defendants move to dismiss this action based upon the Colorado River abstention doctrine because the pending litigation in the Circuit Court of St. Louis, State of Missouri (10SL-CC0605;

---

[1]A full background of this case is available at ECF No. 72. See Compass Bank v. Eager Rd. Assocs., LLC, 2010 U.S. Dist. LEXIS 114675 (E.D. Mo. Oct. 28, 2010) (hereinafter the "Federal Action").

hereinafter "State Action") is parallel with the Federal Action. In response, Compass Bank ("Compass") asserts that the Federal Action is not parallel with the State Action because the two cases involve different claims for relief. (Plaintiff's Response in Opposition to Defendants' Renewed Motion to Dismiss or Stay and Request Hearing ("Response"), Doc. No. 149, p. 2). In particular, Compass notes that its affirmative claims for damages asserted in the Federal Action are not included in the State Action. (Id.). Consequently, Compass claims that the State Action will not resolve all of the issues presented in the Federal Action. (Id.). In addition, Compass asserts that there are no "exceptional circumstances" that warrant this Court from abstaining from exercising its jurisdiction over this action. (Id.).

**I.  Parallel Claims**

The parties do not dispute that the Federal and State Actions arise out of the same transaction. As previously noted by the Court, the "claims in the two actions arise from the same basic facts of the parties' contractual relationship surrounding the development of The Meridian at Brentwood." Compass Bank v. Eager Rd. Assocs., LLC, 2010 U.S. Dist. LEXIS 114675, at 12. In addition, after the filing of the Third Party Complaint by Defendants against the City of Brentwood (the "City") and UMB Bank, N.A. ("UMB"), the state and federal proceedings involve all the same parties. ECF No. 90; see Nabholz Constr. Corp. v. Beck, 699 F. Supp. 2d 1101, 1105-1106 (E.D. Mo. 2010)(citing Fru-Con Constr., 574 F.3d at 540-45)("In determining whether the state and federal proceedings are parallel, a district court is to consider the proceedings as they presently exist, not when they were originally filed.").

Compass, however, argues that the claims are not parallel because it asserted claims against Defendants in the Federal Action, and it has not alleged those claims the State Action. Specifically, Compass Bank initiated the Federal Action for breach of the Redevelopment Agreement and the

Developer Reporting Agreement against ERA and to collect on these personal guaranties against the Guarantors. In addition, Compass Bank brought tort claims against ERA for negligent misrepresentation and intentional misrepresentation related to the Developer Reporting Agreement. Meanwhile, in the State Action, the Defendants seek a declaratory judgment that ERA did not breach the Redevelopment Agreement and that the City and/or Compass Bank do not have a right to declare a mandatory tender event under the Redevelopment Agreement. (ECF No. 133-1). Defendants also allege that Compass breached the Redevelopment Agreement and violated its duty of good faith and fair dealing.[2] Compass has not asserted any claims in the State Action.

Under Eighth Circuit precedent, in parallel cases "a substantial similarity must exist between the state and federal proceedings, which similarity occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." Fru-Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 535 (8th Cir. 2009). Although Compass claims that the Federal Action will not resolve any of Compass' claims for damages (Response, p. 9), the Court finds that there exists a substantially likelihood that all of the claims in the Federal Action will be determined in the State Action. First, Compass has admitted that the Federal Action is duplicative of the State Action. Compass, the City and UMB filed a Motion to Dismiss and Stay the State Action because the "arguments and allegations contained in [Defendants'] claims for declaratory judgment against [Compass, the City and UMB] are the exact same defenses and arguments made by [Defendants] in response to Compass' claims in the Federal Action." (ECF No. 133-20). In addition, the declaratory judgment claims in the State Action fully address the breach of contract and guaranty claims in the Federal Action. Likewise, Compass provides several affirmative defenses in the State

---

[2]Defendants also alleged claims against UMB and the City, but UMB and the City have not filed oppositions to the Motion to Dismiss.

- 4 -

Action that also impact the damages in the Federal Action. Specifically, Compass claims that it is "entitled to a set-off against any damages claimed by Plaintiffs as a result of Plaintiffs' breach of alleged contract." (ECF No. 133-7, ¶74). Finally, Compass has a co-defense agreement with the City of Brentwood, and the City of Brentwood has filed claims in the State Action. In the Counter-Claim, the City alleges that ERA breached the Redevelopment Agreement and the Developer Reporting Agreement, the Guarantors breached the Guaranties. (ECF No. 133-15). Thus, the State Action clearly will determine whether ERA breached the Redevelopment Agreement and there is a substantial likelihood that the State Action will address the damages incurred therefrom.

Compass also argues that its two tort claims will not be addressed in the State Action, which on its face, appears only to address breaches of contract. Counts V and VI of the Federal Action allege that ERA's assertion that it was not in default under the Developer Reporting Agreement constituted negligent misrepresentation and intentional misrepresentation. (First Amended Complaint ("FAC"), ECF No. 43, ¶¶56-66). Although these claims are phrased as torts, these claims require the Court to determine whether ERA breached the Developer Reporting Agreement. See, e.g., FAC, ¶¶ 57, 63 ("at the time Developer entering into the Developer Reporting Agreement, it knew, or should have known, that it was not in compliance with Sections 6.3 and 6.4 of the Redevelopment Agreement"). Thus, the Court finds that the issues raise in Counts V and VI, although torts, also will be addressed in the State Action. See ECF No. 133-15, ¶¶27-28, 36-37, 59-62.[3]

---

[3]For example, paragraph 36 provides that "At the time of execution and after entering into the Reporting Agreement, [ERA] failed to perform under Sections 6.3 and 6.4 of the Redevelopment Agreement by failing to take all reasonable actions necessary to ensure that sales tax revenues for the Development Project were being properly reported, collected, and remitted." Likewise, paragraph 37 provides that "Upon information and belief, the Developer knew or should have known that all reasonable steps to ensure proper collection of sales tax revenues had not been taken and that errors were occurring in the collection and allocation of taxes revenues, from and even before the date of closing on the Bonds."

Compass' other reasons for asserting that the Federal Action and State Action are not parallel likewise fail. The Court previously denied Defendants' motion to dismiss based upon the Colorado River abstention doctrine, in part, because not all of the parties were present in the Federal Action. 2010 U.S. Dist. LEXIS 114675, at *15. Now, however, all of the parties to the State Action are present in this case. In addition, the Court agrees with Defendants that Compass' failure to allege a compulsory counter-claim in the State Action does not preclude application of the Colorado River abstention doctrine here. See also Allied Nut & Bolt v. NSS Indus., 920 F. Supp. 626, 630 (E.D. Pa. 1996)("when a defendant in a state-court action fails to assert a compulsory counterclaim (that is, a counterclaim based upon the same transaction or occurrence as the claim against them), and instead brings that claim in federal court, the two cases are generally not meaningfully different"); Jackson Hewitt, Inc. v. J2 Fin. Servs., 901 F. Supp. 1061, 1065-1066 (E.D. Va. 1995).[4]

Thus, because the two proceedings present the same issue -- whether ERA breached the Redevelopment Agreement and whether the Guarantors are liable on the guaranties -- the Court finds that Compass' claims from the Federal Action will be fully disposed of in the first-filed State Action. Accordingly, the Court determines that these proceedings are parallel. Therefore, the Court also addresses whether exceptional circumstances warrant abstention. Fru-Con Constr., 574 F.3d at 534.

**II.    Exceptional Circumstances**

As the Supreme Court explained in Colorado River, and the Eighth Circuit Court of Appeals has repeatedly reiterated, a federal court may abstain in order to conserve federal judicial resources only in "exceptional circumstances." Colorado River, 424 U.S. at 813. Several factors are to be evaluated in determining the existence of "exceptional circumstances" under Colorado River:

---

[4]Compass does not dispute that its claims alleged in the Federal Action would be compulsory counterclaims pursuant to Mo.R.Civ.P. 55.32(a) as they arise from the same "transaction or occurrence" that is the subject matter of the State Action.

(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

Federated Rural Elec. Ins. Corp. v. Ark. Elec. Coops., Inc., 48 F.3d 294, 297 (8th Cir. 1995).

Compass argues that the exceptional circumstances present here are the duplicitous acts of the Defendants whereby they filed suit in state court while also asking Compass to forbear from filing suit on its claims. (Response, pp. 11-12, 20-24). The Court, however, does not find these acts impact whether exceptional circumstances exist. Rather, the Court finds that all of the factors for determining whether exceptional circumstances exists are either neutral or favor the State Action. Specifically, the Court believes that retaining jurisdiction of this action would lead to piecemeal litigation at its best, or inconsistent verdicts at its worst. In addition, the State Action has made significant progress in litigation the claims and is set for trial before the Federal Action. Although the Court sympathizes with Compass' predicament as a result of forbearing from filing suit, the Court finds that exceptional circumstances do not exist for it to retain jurisdiction over this lawsuit and adjudication of Compass' claims is barred by the Colorado River abstention doctrine.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Renewed Motion to Dismiss or, in the Alternative, to Stay (ECF No. 133) is **GRANTED**. A separate order of dismissal will accompany this Order.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

Dated this __25th__ day of August, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE